ON REHEARING
The State of Alabama, in an excellent brief in support of its application for rehearing, contends that we should withdraw our prior opinion in view of the fact that the patents on certain boxes have expired.
Able counsel for the State correctly notes that in our opinion we state, “We deem it immaterial that these patents have now expired, . . . ” It is the State’s position that the fact that the patents have expired is material. The revenue department cites cases which stand for the proposition that the payment of royalties beyond the expiration date of the patent constitutes misuse of the patent and is unlawful.
The appellee-Rockaway correctly points out that the cases cited by the State involve controversies between the holders of patents and their licensees and not between the parties as we have before us.
This court’s opinion is in large measure bottomed on the interpretation of the contract between Miller and Rockaway. The fact that one of the parties may not have to abide by the terms of the contract does not give the State the authority to take advantage of this fact and levy a tax.
This court would further note that since the rendition of our original decree, we have discovered the case of Stone v. Stapling Machines Co., 220 Miss. 470, 71 So.2d 205 (1954). This case involves the exact situation that was before us in our original opinion. Although a somewhat different conclusion was reached, the same rationale employed by this court was used by the Supreme Court of Mississippi in Stone, supra.
In Stone, supra, the Mississippi Supreme Court defined “royalty” as a tax or duty paid to the owner of the patent for the *451 privilege of manufacturing or using the patented article. We perceive no reason why the fact that a party may not be obligated to make such payment allows the State to collect a tax pursuant to the lease tax statute.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
WRIGHT, P. J., and BRADLEY, J., concur.